# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CATHERINE HOLLINGSWORTH,<br><br>                  Plaintiff,<br><br>                  v.<br><br>SOA DHHS, DBA ALASKA MEDICAID HEALTH CARE TRAVEL SERVICES, *et al.,*<br><br>                  Defendants. | Case No. 3:19-cv-00156-SLG |

## ORDER REGARDING SERVICE AND RESPONSE

Catherine Hollingsworth, a self-represented litigant, filed a Complaint and Request for Injunction; she also filed an Application to Waive the Filing Fee, showing that she cannot afford to pay the filing fee in this case.[1] Ms. Hollingsworth names the State of Alaska's Department of Health and Human Services, dba Alaska Medicaid Health Care Travel Services, and some of its employees as the Defendants in her action.[2]

Ms. Hollingsworth asserts claims under 42 U.S.C. §§ 12101 – 12203,[3] which are federal statutes addressing equal opportunity for individuals with disabilities in

---

[1] Dockets 1, 3.

[2] Docket 1 at 1-3.

[3] *Id.* at 4.

employment (Title I); public services (Title II); and public accommodations and services operated by private entities (Title III).[4]

Under the ADA, a "disability" is defined as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment[.]"[5] Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."[6] Ms. Hollingsworth claims that the Defendants are denying her Medicaid program benefits as a result of her disability.

Specifically, Ms. Hollingsworth alleges that although she is a Medicaid recipient with disabilities, the Defendants have denied her request for

---

[4] 42 U.S.C. §§ 12101 – 12189. Sections 12201 – 12203 are miscellaneous provisions. *See also United States v. Georgia,* 546 U.S. 151, 159 (2006) (concluding that Title II of the ADA, 42 U.S.C. § 12131 *et seq.* (public services), validly abrogates state sovereign immunity for conduct that actually violates the Fourteenth Amendment, but declining to reach the issue of whether Title II validly abrogates state sovereign immunity for conduct that does not violate the Fourteenth Amendment); *see also Okwu v. McKim,* 682 F.3d 841, 845 (9th Cir. 2012) (a state is not immune from an action for damages alleging disability discrimination under Title II of the ADA).

[5] 42 U.S.C. §12102(1).

[6] 42 U.S.C. §12132; *see Georgia,* 546 U.S. at 153-54 ("A 'qualified individual with a disability' is defined as 'an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.' § 12131(2).") (further internal quotation marks omitted).

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 2 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 2 of 10

accommodation "to travel to receive necessary medical care at the only place in the US that can treat [her] complex medical conditions."[7] With her Complaint, she has submitted letters to and from the Defendants, as well as Affidavits, portions of the Alaska Administrative Code, information from the Environmental Health Center in Dallas, Texas, and other medical information, notes and letters.[8] Ms. Hollingsworth asserts that the Defendants have refused to issue a written denial of her request that her travel expenses be covered by Medicaid, and have mocked her instead.[9] Ms. Hollingsworth requests the following injunctive relief: "that the state provide a process of accommodation to assit [sic] [her] in appropriate accommodations to reach medically necessary medical care as soon as possible."[10] Ms. Hollingsworth claims that, currently, the medical care she needs can only be obtained at the Environmental Health Center in Dallas, Texas.[11]

## Screening Requirement

Federal law requires a court to conduct an initial screening of a complaint brought by a self-represented plaintiff who has not paid the filing fee. In this

---

[7] Docket 1 at 5; *see also* Docket 1-1 at 65.

[8] Docket 1-1.

[9] Docket 1 at 5; Docket 1-1 at 1, 16.

[10] Docket 1 at 6.

[11] *Id.* at 5; Docket 1-1 at 1, 4, 18, 21-27, 29, 38, 39, 64, 69.

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 3 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 3 of 10

screening, a court shall dismiss the case at any time if the court determines that the action

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.[12]

To determine whether a complaint states a valid claim for relief, a court considers if it contains sufficient factual matter that if accepted as true "state[s] a claim to relief that is plausible on its face."[13] In conducting its review, the court is mindful that it must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of any doubt.[14] Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[15]

---

[12] 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citation omitted).

[14] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted).

[15] *Garmon v. County of Los Angeles,* 828 F.3d 837, 842 (9th Cir. 2016).

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 4 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 4 of 10

Given the allegations supplied in the Complaint and attachments, it appears that Ms. Hollingsworth may be able to state a claim for relief against the Defendants under Title II of the ADA,[16] and may seek injunctive relief.[17] However, although her Complaint on its face may survive initial review under the Court's liberal pleading standards, Ms. Hollingsworth is warned that, if the Defendants prevail in this action, she may be responsible for paying costs and the Defendants' attorney's fees.[18]

**IT IS THEREFORE ORDERED**:

1. The Application to Waive the Filing Fee, at Docket 3, is GRANTED.

2. The Plaintiff must complete initial service of the Summons and Complaint[19] **no later than October 15, 2019,** and promptly file returns of service on the

---

[16] *See Oklahoma Chapter of American Academy of Pediatrics v. Fogarty*, 366 F.Supp.2d 1050, 1102 (N.D. Okla. 2005) ("The Medicaid Act does not require exhaustion of state administrative remedies before bringing a § 1983 claim.") (citing *Alacare, Inc.-North v. Baggiano*, 785 F.2d 963, 967-69 (11th Cir. 1986) (additional citations omitted)). Nonetheless, Ms. Hollingsworth asserts that the Defendants have refused to issue a written denial of her request that her travel expenses be covered by Medicaid (Docket 1 at 5; Docket 1-1 at 1, 16), thus making it unable for her to exhaust any available administrative remedies.

[17] *See Kirola v. City and County of San Francisco,* 860 F.3d 1164, 1176 (9th Cir. 2017) (Under Title II of the ADA, the district court "may enter any injunction it deems appropriate, so long as the injunction is 'no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs.'") (citing *United States v. AMC Entm't, Inc.*, 549 F.3d 760, 775 (9th Cir. 2008) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979)).

[18] *See Brown v. Lucky Stores, Inc.* 246 F.3d 1182, 1190 (9th Cir. 2001 (quoting 42 U.S.C. § 12205).

[19] "Service" in this context means actual delivery of the Summons and Complaint, as provided under the Federal Rules, to a defendant.

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 5 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 5 of 10

Defendants in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Otherwise, the Complaint may be dismissed as to any unserved Defendants, without further notice.

3. The Clerk of Court shall send four summons forms to the Plaintiff. The Plaintiff must complete **one** Summons for **each** of the Defendants,[20] and return the Summonses to the Court for signature and seal. If the Summonses are in proper form, they will be issued for service.[21]

4. Once Ms. Hollingsworth receives the Summonses **issued** by the Clerk of Court (not the blank forms, which she must complete and return to the Court), she may send, for each Defendant to be served, a fully completed Form 285, a copy of the Complaint, the Summons, and a copy of this Order to:

> United States Marshal Service
> 222 West 7th Avenue, Box 28
> Anchorage, Alaska 99513

---

[20] Plaintiff must write her name and address after the words, "The answer or motion must be served on the plaintiff or the plaintiff's attorney, whose name and address are:"
See Fed. R. Civ. P. 4(a)(1) ("A summons must:
    (A) name the court and the parties;
    (B) be directed to the defendant;
    (C) state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;
    (D) state the time within which the defendant must appear and defend;
    (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;
    (F) be signed by the clerk; and
    (G) bear the court's seal.").

[21] See Fed.R.Civ.P. 4(b).

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 6 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 6 of 10

5. When the United States Marshal Service (USMS) receives from Ms. Hollingsworth an appropriately completed Form 285, a copy of the Complaint, the Summons, and a copy of this Order for each Defendant to be served, the USMS shall serve a copy of the Complaint, Summons and this Order upon those Defendant(s). All costs of this service shall be paid in advance by the United States. Ms. Hollingsworth is responsible for paying the USMS's fees and costs, however, and will be billed for these fees and costs after service of process is complete.

6. In the alternative, Ms. Hollingsworth may serve a copy of the Summons and Complaint in any way permitted by Rule 4 of the Federal Rules of Civil Procedure, including by certified mail with restricted delivery and return receipt.[22]

7. The Defendants shall have twenty-one (21) days after the date of service to file an Answer or otherwise respond.

8. After service of the Summons and Complaint, all *future* papers to be filed with the Court must be identified with the name of the Court, the case number, the names of the Plaintiff and the first Defendant, and the title of the document, as illustrated on the first page of this Order.

---

[22] *See also, e.g.*, Fed. R. Civ. P. 4(c)(2) (service by "[a]ny person who is at least 18 years old and not a party" to the case); 4(d) (waiver of service by a defendant); 4(e) (serving an individual within the jurisdiction); 4(h) (serving a corporation, partnership, or association); 4(j)(2) (serving a state or local government).

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 7 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 7 of 10

9. The Plaintiff shall be responsible for serving a copy of all papers she sends to the Court upon each Defendant or, if an appearance has been entered by counsel for a Defendant, on the Defendant's attorney(s). Ms. Hollingsworth shall include, with any original paper filed with the Clerk of Court, a certificate stating the date that an exact copy of the document was mailed, faxed or hand-delivered to ("served upon") the Defendants or their counsel. A Certificate of Service may be written in the following form at the end of the document:

> I hereby certify that a copy of the above (name of document) was served upon (name of opposing counsel) by (mail/fax/hand-delivery) at (address) on (date).
> (Signature)

Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court or which does not include a Certificate of Service will be disregarded by the Court.

10. No party shall have any *ex parte* communication with a District Court Judge or Magistrate Judge of this Court about the merits of this action. This means that parties cannot communicate with any judge without the presence and/or knowledge and consent of the other parties. For example, Ms. Hollingsworth may not write letters to, or call, a judge directly. Any request for action by the Court during these proceedings must be filed with the Clerk of Court as a motion.

11. A motion should contain the information identified in the caption of this Order and should be titled "Motion for (add the relief requested)." In a motion, a party should state specifically and concisely what he or she wants, so that the Court

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 8 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 8 of 10

understands what the party is requesting. This Court's Local Civil Rule 7.1(b) requires that non-dispositive motions be filed with a proposed order that the Court can issue, if the motion is granted. The proposed order helps to clarify what the moving party is asking the Court to do.

12. At all times, Ms. Hollingsworth must keep the Court informed of any change of address, by filing a notice titled "Notice of Change of Address."[23] The notice shall contain **only** information about the change of address, and its effective date. The notice shall not include requests for any other relief.

13. All documents filed with the Clerk of Court must contain Ms. Hollingsworth's original signature, and must be mailed or hand-delivered to the Court at the following address:

> U.S. District Court
> 222 West 7th Avenue, #4
> Anchorage, Alaska 99513

14. The Plaintiff is warned that, if the Defendants prevail in this action, she may be ordered to pay costs and attorney's fees to the Defendant(s).[24]

15. The Clerk of Court is directed to send Ms. Hollingsworth the following forms with this Order: (1) the Court's Motion form, PS12; (2) a Notice of Change of Address form, PS23; (3) Four blank Process Receipt and Return, Form-285, and

---

[23] *See* L.Civ.R. 11.1(b)(2) ("Self-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

[24] *See* Fed.R.Civ.P. 54(d).

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 9 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 9 of 10

(4) the District Court's handbook, "REPRESENTING YOURSELF IN ALASKA'S FEDERAL COURT."

DATED at Anchorage, Alaska, this 13th day of August, 2019.

/s/ Sharon L. Gleason
SHARON L. GLEASON
United States District Judge

3:19-cv-00156-SLG, *Hollingsworth v. SOA DHHS, et al.*
Order Regarding Service and Response
Page 10 of 10
Case 3:19-cv-00156-SLG   Document 7   Filed 08/13/19   Page 10 of 10